IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>CENTER CITY HEALTHCARE, LLC d/b/a<br>HAHNEMANN UNIVERSITY HOSPITAL, *et al.*,[1]<br><br>    Debtors. | Chapter 11<br><br>Case No. 19-11466 (MFW)<br><br>(Jointly Administered) |
| IS BBFB LLC, and IS 245 NORTH 15th LLC,<br><br>    Plaintiffs,<br><br>v.<br><br>CENTER CITY HEALTHCARE, LLC,<br><br>    Defendant. | <br><br><br>Adv. Proc. No. 23-50337 (MFW)<br><br><br>**Re:  Docket No. 26** |

## INITIAL SCHEDULING ORDER

The Court having been informed that IS BBFB LLC and IS 245 North 15th LLC ("**Plaintiffs**") and Center City Healthcare, LLC (together with the Plaintiffs, the "**Parties**") have agreed to the terms of this scheduling order; and good cause appearing therefor:

**IT IS ORDERED THAT**:

1. **Rule 7026(a)(1) Initial Disclosures**. Unless otherwise agreed to by the Parties, the Parties shall make their initial disclosures pursuant to Bankruptcy Rule 7026(a)(1) within fourteen (14) days of the date of this Order.  If they have not already done so, the Parties are to review Del.

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), StChris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), and TPS V of PA, L.L.C. (5540).

41923724.5

Bankr. L.R. 7026-3, Discovery of Electronic Documents, which is incorporated herein by reference.

    2.    **<u>Discovery</u>**.

        a.  The Parties are expected to conduct discovery consistent with Del. Bankr. L.R. 7026-1 and Federal Rules of Civil Procedures 26 through 37.

        b.  Document discovery, including third-party document discovery, may begin after the exchange of initial disclosures. Other forms of discovery beyond document discovery shall not commence until an Answer to the Amended Complaint is filed unless agreed to by the Parties or upon further order of the Court.

        c.  Del. Bankr. L.R. 9013-1(b) notwithstanding, the Parties shall not file discovery motions unless the Court requests briefing. Should counsel find they are unable to resolve a discovery dispute following an appropriate meet and confer, the party seeking the relief shall contact Chambers to schedule a telephone conference. The Court will attempt to resolve the dispute before the need to engage in motion practice. If the dispute cannot be resolved during the initial teleconference, the Court will set appropriate briefing based upon the issues to be addressed.

    3.    **<u>Application to Court for Protective Order</u>**. In the event it is necessary to apply to the Court for a protective order specifying terms and conditions for the disclosure of confidential information, counsel should confer and attempt to reach an agreement on a proposed form of order and submit it to the Court within ten (10) calendar days from the date of this Order. If counsel

are unable to reach an agreement on a proposed form of order, counsel must first follow the provisions of Paragraph 2(c) above.

Any proposed order should include the following paragraph:

> **Other Proceedings.** By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case, any contested matter or other proceeding. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated "confidential" pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

4. **Service.** The Parties agree that service by e-mail on all Parties of discovery requests and written responses is sufficient.

5. **Amendments to this Order**. The Parties together or individually may request that the Court modify or expand this Order. If counsel are unable to reach an agreement on a proposed form of amended or expanded proposed order, counsel must first follow the provisions of Paragraph 2(c) above.

6. This terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

Dated: August 28th, 2023  
Wilmington, Delaware

MARY F. WALRATH  
UNITED STATES BANKRUPTCY JUDGE

4892-8724-6