# EXHIBIT A

| | |
|---|---|
| From: | Sickle, David B. |
| Sent: | Wednesday, December 6, 2017 5:50 PM EST |
| To: | Gosfield, Gregory |
| CC: | Sitkoff, Erica S. |
| Subject: | RE: paladin - zoning issues |

Thank you Greg. I will "socialize" this within the HSRE team. I think this will be helpful

**David Sickle**
Partner

T +1 312.368.4081
F +1 312.630.7361
M +1 312.218.5306
E david.sickle@dlapiper.com



DLA Piper LLP (US)
444 West Lake Street, Suite 900
Chicago, Illinois 60606-0089
United States
www.dlapiper.com

**From:** Gosfield, Gregory [mailto:GGosfield@klehr.com]
**Sent:** Wednesday, December 06, 2017 4:10 PM
**To:** Sickle, David B.; Sitkoff, Erica S.; Long, Adam; Richard Goldstein - Hangley Aronchick Segal Pudlin & Schiller (rgoldstein@hangley.com); David M. Scolnic - Hangley Aronchick Segal Pudlin & Schiller (dscolnic@hangley.com)
**Cc:** Besser, Alison; Perkins, Zachary; Joel Freedman (jfreedman@pldn.com); Svetlana Attestatova (sattestatova@pldn.com); Kyle Schmidt (kschmidt@pldn.com); Patterson, Ronald
**Subject:** paladin - zoning issues

David

As you requested, below is some commentary and clarification on the consequences that losing a by right permit might cause. It is a discussion of the general rules, but each set of circumstances may require a separate analysis.

As a general matter, a by right zoning permit will be issued by the City if the application shows that the property complies with the Zoning Code. The City generally looks at uses, configuration, and massing. But the City also distinguishes between a lotline adjustment (i.e., lot line relocation)which has more minimal compliance requirements, and a traditional subdivision which is generally subdivision by subdividing one large parcel into many smaller parcels implicating streets and frontage (i.e., a subdivision plat). For example, in the event of lotline adjustment, which is how the current project is designed, once the City confirms compliance with lot dimension and street frontage, then notwithstanding that the new lot line configurations may create separate non-compliant parcels, when all of the parcels are submitted as being subject to treatment as one zoning lot by a declaration of unity of use, the City should approve the application and a by right permit should issue. The City has informally advised us that if the zoning application for this project is only for a change in lot lines, but all

other characteristics remain the same, then under the unity of use the City would consider that a continuing permitted zoning lot without requiring any changes to meet upgrades that might otherwise apply if the proposed changes were to result in new burdens on the property.

If an appeal of such issuance is made, it should fail unless the appellant could prove the City failed to comply with the Zoning Code in the issuance of the permit, and the City's defense that it did comply is rejected. We have not experienced such an appeal of lot line adjustment, let alone a successful appeal, in the case of a by right permit. The appellant would need to meet a high standard to prove the City exceeded its authority in issuing the permit.

If an appeal succeeds, the permit would be subject to revocation and the new lot lines could be disregarded. The zoning that preceded the permit would be reinstated. Therefore, though the zoning records may be uncertain, whatever existed prior to the permit is perpetuated. In that event of a revocation, Purchasers could record deeds of correction to reconfirm the deed descriptions that are currently in place as vesting deed descriptions into Seller; though that may be unnecessary, to eliminate ambiguity that the new descriptions under the revoked by right permit would no longer. Those current deed descriptions would comport with the current zoning if it were reinstated. That may not work, however, if the vesting deed lot has been subject to subsequent zoning changes such as consolidations.

Regardless of the movement in lotlines, the title company has confirmed it would insure a conveyance of a deed lot, notwithstanding that the deed lot might remain part of the larger zoning lot and subject to its zoning restrictions. The title company insuring deeds does not insure compliance with zoning or subdivision law.

Going forward, in the case only lotline non-compliance occurs, typically the City's position is that the use would not be a violation because there is no change in use, and only the lot lines and perhaps dimensional aspects would be in violation. In the event of a zoning violation of future or existing uses, our experience has been that those properties are bought and sold subject to the existing violations, just like any other building code violation.

Let me know if the foregoing is responsive.

Greg



Gregory G. Gosfield, Esquire
KLEHR | HARRISON | HARVEY | BRANZBURG LLP
BUSINESS LAW AT BUSINESS SPEED
1835 Market Street, Suite 1400 | Philadelphia, PA  19103
T (215) 569-4164 | F (215) 568-6603 | ggosfield@klehr.com
www.klehr.com

Web page: Greg Gosfield's profile site
Author of: "Ten Core Concepts for Healthcare Lease Provisions" Chapter 13 of the Health Law Handbook; 2013 Thomson Reuters
    The Medical & Healthcare Facility Lease: Legal and Business Handbook; 2011 American Health Lawyers Association

Please consider the environment before printing this email.

The information contained in this email may be confidential and/or legally privileged. It has been sent for the sole use of the intended recipient(s). If the reader of this message is not an intended recipient, you are hereby notified that any unauthorized review, use, disclosure, dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please reply to the sender and destroy all copies of the message. To contact us directly, send to postmaster@dlapiper.com. Thank you.

KLEHR_003541