# EXHIBIT C

# KLEHR | HARRISON | HARVEY | BRANZBURG LLP

Ronald J. Patterson
Direct Dial: (215) 569-4585
Email: rpatterson@klehr.com

November 14, 2017

Via Electronic Mail: rgoldstein@hangley.com
Richard J. Goldstein, Esquire
Hangley Aronchick Segal Pudlin & Schiller
One Logan Square
27th Floor
Philadelphia, PA  19103

Re:  Paladin – Zoning Permit Issues

Dear Mr. Goldstein:

1. <u>Lot Line Relocation; Zoning Permits; Unity of Use</u>

Responding to your October 20, 2017 memorandum, a few things must occur before a lot line relocation (i.e., subdivision and/or lot consolidation) is considered complete and perfect in Philadelphia:

1. City Surveyor approval of the lot line relocation survey and associated lot line legal descriptions.

2. City Planning Commission approval of the survey and related Zoning Site Plans.

3. Streets Department approval of the Zoning Site Plans where applicable (new driveway curb cuts, new or reconfigured surface parking lots, etc.).

4. Philadelphia Department Licenses & Inspections (L&I) issued Zoning Permits and approval of associated Zoning Site Plans, resulting in the following:

    a. Zoning Permits for lot line relocation. L&I will issue one Zoning Permit for each current property (by legal address), each indicating that the current property is approved for a lot line relocation. L&I also will approve the related Zoning Site Plans.

    b. The Philadelphia Office of Property Assessment (OPA) will issue new legal property addresses and create new tax accounts for each new proposed property (lot) by the proposed lot line relocation.

    c. With the new OPA legal addresses, L&I will issue another set of Zoning Permits – one for each new property/address—indicating the new or current structures and uses on each property (along with the associated, approved Zoning Site Plans).

PHIL1 6573708v.2

1835 MARKET STREET · PHILADELPHIA PA 19103 · 215 568 6060 · f 215 568 6603 · klehr.com
PENNSYLVANIA · NEW JERSEY · DELAWARE

Confidential                                                                                            DLA_111794

KLEHR | HARRISON | HARVEY | BRANZBURG LLP
November 14, 2017
Page 2

    d. If any properties are subject to a Unity of Use agreement for L&I to consider two or more properties as one property for Zoning Code purposes, then L&I will issue another Zoning Permit for the collective Unity of Use property. The Zoning Permit will identify the other properties subject to the Unity of Use and include a statement that the properties are subject to a Unity of Use agreement.

5. Record the Deed(s) of Subdivision/Lot Consolidation referencing the new properties.

Pennoni and we are analyzing whether each of the proposed lots can comply with the applicable dimensional requirements of the current Zoning Code. If a lot does, then L&I will issue by-right Zoning Permits for the proposed new lot configuration and the associated uses and dimensional conditions reflected on the new lot. Where a lot or lots cannot comply, then Pennoni and we are analyzing how to create compliant lots by way of a Unity of Use arrangements.

2. <u>Non-Appealable Zoning Permits</u>

A Zoning/Use Registration Permit is considered a "decision" by L&I (i.e., "the Department"). Hence, even a by-right Zoning Permit is appealable, pursuant to § 14-303(15)(a) of the Philadelphia Zoning Code, which provides, on pertinent part, as follows:

> Any person aggrieved by a final order, request, decision or determination (i.e., the issuance of a Zoning Permit or Building Permit) of the Department may appeal it to the Zoning Board of Adjustment (ZBA) within thirty (30) days of the issue date of the Department action (emphasis added).

So any person may appeal any Zoning Permit. However, to maintain an appeal of a by-right Zoning Permit (as opposed to a Zoning Permit granted by variance relief by the Philadelphia Zoning Board of Adjustment ("ZBA") where the appellant must prove there was no hardship or evidence to support the granting of the variance relief), the appellant's appeal must have a defensible basis to sustain the appeal, and not, for example, that an interested party simply does not like the project or Zoning Permit. The Zoning Code requires such an appeal state specifically how L&I's decision is inconsistent with the requirements of the Zoning Code. Zoning Code § 14-303(15)(a)(.3). So in the case of a by-right Zoning Permit, the appeal, for example, must be based upon mistake of L&I, incorrect information on the zoning plans or application, or fraud by the Applicant.

Pursuant to Zoning Code § 14-103(15)(a)(.3), any appeal must be filed as follows:

> Any appeal of an L&I decision must be filed with the Zoning Board within 30 days of the date of L&I's decision. Where the applicant fails to post the permit in compliance with § <u>14-303(6)(f)</u> (Posting of Permits), any person other than the applicant must file any appeal within 30 days of constructive notice of the L&I decision. All appeals must be filed through a written notice of appeal stating specifically

Confidential    DLA_111795

KLEHR | HARRISON | HARVEY | BRANZBURG
November 14, 2017
Page 3

how L&I's decision is inconsistent with the requirements of this Zoning Code or the basis for the requested variance or other relief.

This appeal right raises another issue, regarding the allowable window of time within which a person may file an appeal. Generally, an appellant has 30 days from the date of L&I's "decision," or Zoning Permit, to file an appeal of the Zoning Permit with the ZBA. However, the constructive notice language in § 14-103(15)(a)(.3) above means that the 30 days starts from the date when a person actually knew or should have known L&I issued the Zoning Permit. The courts have interpreted this and similar language to mean that unless the person had knowledge of the issuance of the Zoning Permit otherwise, the 30-day appeal period starts on the day when the permit holder posts the Zoning Permit conspicuously on the property, at the property line, and in a location where a person can read the Zoning Permit without having to cross onto the property.

Hence, to end any likelihood of the ability of a person to appeal a by-right Zoning Permit, the applicant must post the Zoning Permits issued for each property for 30 days. I believe we can either post each Zoning Permit for each property as L&I issues them, or wait until we receive all expected Zoning Permits for each property and post them all together (because the subsequent and last Zoning Permit for each property is derivative of and incorporates each prior Zoning Permit).

In any event, in our experience we have not had an appeal of a by-right Zoning Permit for relocating lot lines – where, as in this case, there is no changes in uses, or in building height, footprint, or area. Such a lot line relocation change is immaterial, invisible to, and has no adverse effects upon, any neighbors. If someone did appeal such a Zoning Permit, we would expect ZBA would deny the appeal. L&I would appear at that ZBA hearing, with a City Solicitor, and testify in support of its decision to issue the Zoning Permit.

Please let me know if you have any questions.

Sincerely,

Ronald J. Patterson

RJP/kmm
cc:    David Sickle (via electronic mail: David.Sickle@dlapiper.com)
       Erica S. Sitkoff (via electronic mail: Erica.Sitkoff@dlapiper.com)
       Adam Long (via electornic mail: Adam.Long@dlapiper.com)
       David Scolnic (via electronic mail: dms@hangley.com)
       Svetlana Attestatova (via electronic mail: sattestatova@pldn.com)
       Gregory G. Gosfield, Esquire
       Alison Besser, Esquire
       Brett Peanasky, Esquire
       Zachary Perkins, Esquire

Confidential    DLA_111796