# EXHIBIT J

## EASEMENT & UNITY OF USE STATEMENT

Existing Addresses:  160 E. Erie Avenue (portion), Philadelphia, Pennsylvania
160 E. Erie Avenue (portion), Philadelphia, Pennsylvania
160 E. Erie Avenue (portion), Philadelphia, Pennsylvania

Proposed Addresses:  Parcel 1: 160 E. Erie Avenue, Philadelphia, Pennsylvania
Parcel 2: 120 E. Erie Avenue, Philadelphia, Pennsylvania
Parcel 3: 3647-69 N. Front Street, Philadelphia, Pennsylvania

     THIS EASEMENT & UNITY OF USE STATEMENT (this **"Easement"**) is signed the 2nd day of January, 2018 and effective this 11th day of January, 2018 (the **"Effective Date"**) by and among, FRONT STREET HEALTHCARE PROPERTIES, LLC, (**"Owner 1"**) which is the equitable owner of the parcel designated as Proposed Lot 1 on the Zoning Plan (defined hereinafter) (**"Parcel 1"**), PAHH ERIE STREET GARAGE, LLC (**"Owner 2"**) which is the equitable owner of the parcel designated as Proposed Lot 2 on the Zoning Plan (**"Parcel 2"**), and FRONT STREET HEALTHCARE PROPERTIES II, LLC, (**"Owner 3"**, together, collectively, with Owner 1 and Owner 2, the **"Owners"**) which is the equitable owner of the parcel designated as Proposed Lot 3 on the Zoning Plan (**"Parcel 3"**), each a "Parcel," and all parcels or properties hereinafter collectively referred to as the **"Parcels," "Properties"** or **"Property"** for the purposes of obtaining zoning permits and approvals from the Philadelphia Department of Licenses & Inspections (**"L&I"**), to use the Properties as one parcel for the purposes of zoning without consolidating the existing individual Parcels into one parcel.

## WITNESSETH:

    A.   Owner 1 is the equitable owner of certain real property, Parcel 1 described on Exhibit A attached hereto and made a part hereof, having an address of 160 E. Erie Avenue, Philadelphia, Pennsylvania, which is OPA Account Number 77-7-0117-35, and comprised of approximately 491,347 square feet and currently used for the following purposes: Hospital, Group Medical, Dental, and Health Practitioners, Accessory Offices, Accessory Surface Parking Lot, and Accessory Signs, with a proposed use of: Hospital, Group Medical, Dental, and Health Practitioners, Accessory Offices, Accessory Surface Parking Lot, and Accessory Signs.

    B.   Owner 2 is the equitable owner of certain real property, Parcel 2 described on Exhibit B attached hereto and made a part hereof, having an address of 120 E. Erie Avenue, Philadelphia, Pennsylvania, which is OPA Account Number 88-3-4008-00, comprised of approximately 79,485 square feet and currently used for the following purposes: Accessory and Non-Accessory Parking Garage, and Accessory Signs, with a proposed use of: Accessory and Non-Accessory Parking Garage, and Accessory Signs.

    C.   Owner 3 is the equitable owner of certain real property, Parcel 3 described on Exhibit C attached hereto and made a part hereof, having an address of 3647-69 N. Front Street, Philadelphia, Pennsylvania, which is OPA Account Number 88-3-0011-00, comprised of approximately 57,347 square feet and currently used for the following purposes: Group Medical, Dental, and Health Practitioners, Accessory Offices, Accessory Surface Parking Lot, and Accessory Signs, with a proposed use of: Group Medical, Dental, and Health Practitioners, Accessory Offices, Accessory Surface Parking Lot, and Accessory Signs.

    D.   The Property consists of three (3) parcels. Rather than consolidating the parcels into one parcel, the Owners desire to create an easement and designate a **"Unity of Use"** among the Parcels to create a single zoning Property or Parcel so as to fulfill the zoning requirements of

KLEHR_001592

L&I and obtain from L&I the issuance of a Zoning Permit for the Property as if it were one zoning property. This Easement is simultaneously submitted to L&I in conjunction with a permit application for the Property and this Easement must be recorded against the Property and run with the land. The Owners affirm the uses of the Parcels affected by this Easement are integrated and interdependent.

ARTICLE I.

1.1    Easement. Owners hereby establish and create, for the benefit of all three (3) Parcels, reciprocal easements that allow all three (3) Parcels to use and enjoy all common areas, and use the Property as if it were comprised of one parcel for zoning purposes, as more specifically described in an Operation and Reciprocal Easement Agreement among the Owners, to be recorded immediately hereafter.

ARTICLE II.

2.1    Unity of Use. For purposes of zoning, exclusively, all three (3) Owners hereby agree and state that the Parcels shall be considered one contiguous parcel of land. In connection therewith, Owners hereby agree and covenant that the Parcels shall be used in such a manner as if the three (3) parcels that comprise the Property were one zoning property. Such current and proposed use of the Property is for Hospital, Group Medical, Dental, and Health Practitioners, Accessory Offices, Accessory Surface Parking Lot, Accessory and Non-Accessory Parking Garage, and Accessory Signs purposes.

2.2    Area. For purposes of zoning, exclusively, Owners hereby agree and state that the Property is comprised of three (3) parcels totaling approximately 628,179 square feet of land, as generally depicted on Exhibit D attached hereto, entitled, Project Liberty – St Christophers Hospital for Children Proposed Lot Line Adjustment Plan V-0812 ("**Zoning Plan**"), prepared by Pennoni Engineering P.A., adopted by the Board of Surveyors on December 8, 2017, and consisting of 1 sheet.

ARTICLE III.

3.1    Extinguishment of Easement. **NOTICE: THE EXISTING LOTS AND THEIR STRUCTURES AND USES ARE CURRENTLY LEGALLY, EXISTING, NON-CONFORMING WITH APPLICABLE ZONING REQUIREMENTS. THEY ARE BEING CONSOLIDATED AS ONE LOT FOR ZONING PURPOSES. THEREFORE IF THE UNITY OF USE WERE EXTINGUISHED THE INDIVIDUAL LOTS COULD BE IN VIOLATION OF THE ZONING CODE UNDER ITS CURRENT TERMS, AND THEREFORE COULD REQUIRE VARIANCE OF OTHER RELIEF TO BECOME COMPLIANT.**

At any time hereafter, this Easement may be extinguished by the written agreement of all Owners, such executed agreement to be recorded. Upon recordation of such an extinguishment of easement among the land records of the county in which the Parcels are located, this Easement shall be null and void and, thereafter, neither party shall have neither any rights nor obligations as described herein. Prior to, and as a condition of, the recordation of the extinguishment of this Easement, a Zoning Permit/Use Registration Permit for each Parcel will be filed for and obtained (including any variance relief required from the Philadelphia Zoning Board of Adjustment) that addresses the extinguishment of this Easement, the lawful separation of the Parcels from the Easement for zoning purposes, the continuing compliance of the Parcels with L&I requirements, and the proposed use(s) of the individual properties. The Owners shall use good faith and diligent efforts, and shall cooperate with each other, to expeditiously file for and obtain a Zoning Permit/Use Registration Permit for each Parcel, and any variance relief required from the

2

Philadelphia Zoning Board of Adjustment, to the extent necessary to complete the extinguishment of this Easement and shall cooperate with each other in their effort to accomplish the lawful separation of the Parcels from this Easement for zoning purposes in the event of such extinguishment such that the Parcels remain, following such extinguishment, in compliance with L&I requirements and the continuing use(s) and structures of the individual properties are lawful.

Furthermore, if at any time hereafter any Zoning Permit/Use Registration Permit issued by L&I pursuant to this Easement is terminated or extinguished by L&I or pursuant to the order of any court having jurisdiction over the Parcels, the Owners shall use good faith and diligent efforts, and shall cooperate with each other, to expeditiously file for and obtain a Zoning Permit/Use Registration Permit for each Parcel, and any variance relief required from the Philadelphia Zoning Board of Adjustment, to the extent necessary to remedy the extinguishment of this Easement in order to accomplish the lawful separation of the Parcels for zoning purposes, such that the Parcels remain in compliance with L&I requirements and the continuing use(s) and structures of the individual properties are lawful.

ARTICLE IV.

4.1    Recitals. The Recitals and defined terms set forth above are incorporated herein by reference and constitute a material part of this Easement.

4.2    Binding Effect. The provisions of this Easement run with the land and shall inure to the benefit of or be binding upon and enforceable against the Owners of the Parcels, their heirs, personal representatives, successors and assigns. This Easement and the recordings required hereunder shall be recorded among the land records of Philadelphia County, where the Properties are located.

4.3    Governing Law. This Easement is created under and is to be governed, construed, and enforced in accordance with the laws of the Commonwealth of Pennsylvania.

4.4    Indemnity Agreement. The Owners of the Parcels shall indemnify, defend, and hold harmless each other from claims, demands, and causes of action asserted against the indemnitee by any person for personal injury, death, or loss or damage to property resulting from the negligence or willful misconduct of the indemnitor or its respective invitees or agents relating to the matters covered by this Easement. Where such personal injury, death, or loss of or damage to property is the result of joint negligence or willful misconduct of any or all Owners and/or their respective invitees or agents relating to the Parcels and the matters covered by this Easement, the indemnitor's duty of indemnification shall be in proportion to its allocable share of such joint negligence or willful misconduct.

4.5    No Impact On Other Easements. This Easement is not to be construed as in any way changing/altering or diminishing any other agreements or understandings relating to easements for the Properties described in Exhibits A-C.

4.6    Counterparts. This Easement may be executed in one or more counterparts, all of which together shall constitute a single agreement.

[signature pages to follow]

3

IN WITNESS WHEREOF, the Owners have set forth its hands and seals as of the day and year first above written.

FRONT STREET HEALTHCARE PROPERTIES, LLC

By: _____
Name: Joel Freedman
Title:   Chief Executive Officer and President

[Signature page to STC Unity of Use]

KLEHR_001595

## CALIFORNIA ALL-PURPOSE ACKNOWLEDGEMENT

> A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

STATE OF _California_ )

COUNTY OF _Los Angeles_ )

On _December 20_, 2017, before me, _Larion Ayzman (Notary Public)_
     *Date*               *(Here Insert Name and Title Of the Officer)*

personally appeared _Joel Lawrence Freedman_
               *Name(s) of Signers)*

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

LARION AYZMAN
COMM. #2115103
Notary Public - California
Ventura County
My Comm. Expires June 12, 2019
NRO1

Signature _____
        *Signature of Notary Public*

**Place Notary Seal Above**

[Signature page to STC Unity of Use]

KLEHR_001596

FRONT STREET HEALTHCARE PROPERTIES
II, LLC

By:_____(SEAL)
Name: Joel Freedman
Title:   Chief Executive Officer and President

[Signature page to STC Unity of Use]

KLEHR_001597

## CALIFORNIA ALL-PURPOSE ACKNOWLEDGEMENT

> A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

STATE OF _California_ )

COUNTY OF _Los Angeles_ )

On _December 30_, 2017, before me, _Larion Ayzman (Notary Public)_
  _Date_                                       _(Here Insert Name and Title Of the Officer)_

personally appeared _Joel Lawrence Freedman_
                            _Name(s) of Signers)_

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

```
LARION AYZMAN
COMM. #2115103
Notary Public - California
Ventura County
My Comm. Expires June 12, 2019
```

Signature _____
            _Signature of Notary Public_

_Place Notary Seal Above_

[Signature page to STC Unity of Use]

KLEHR_001598

PAHH ERIE STREET GARAGE, LLC

By: _____ (SEAL)
Name: Mark J. Burkemper
Title:   Authorized Signatory


STATE OF _Illinois_____ :
                                                    : SS
COUNTY OF _Cook_____ :


    On this, the 2nd day of _January____, 2018, before me, the undersigned Notary Public, personally appeared Mark J. Burkemper known to me (or satisfactorily proven) to be the person whose name is subscribed to the within instrument, and acknowledge that she executed the same in the capacity therein stated for the purposes therein contained.


    IN WITNESS WHEREOF, I hereunto set my hand and official seal.


"OFFICIAL SEAL"
ZELNETTA K. BURROWS
Notary Public, State of Illinois

_____
Notary Public
My Commission Expires:


[Signature page to STC Unity of Use]

KLEHR_001599

**EXHIBIT A**

*Legal Description of Parcel 1*

    All that Certain Parcel or Tract of Land Situate in the 7th Ward of the City and County of Philadelphia, Commonwealth of Pennsylvania, as shown on a Plan prepared by Pennoni Associates Inc. entitled "Proposed Lot Line Adjustment Plan", Drawing Number V-0812, project number PALHC 17002, dated 10/20/2017. Being more particularly described as follows.

    Beginning at the intersection of the Southerly line of Erie Avenue (S.R. 1004) (100' wide) and the Westerly line of B Street (S.R. 1003) (80' wide as shown on the aforementioned Plan in the 7th Ward of the City of Philadelphia as follows:

Thence from said Point of Beginning, S 11°08'30" W, along the westerly right-of-way line of B Street, 403.042' to a point on the said common line of land now or formerly of Tenet Health System St. Christopher's Hospital for Children, LLC and land now or formerly of Conrail; thence continuing,

Leaving B Street along the arc of a circle curving southwesterly and said curve being concave to the northwest a distance of 96.719', with a radius of 1838.031', a central angle of 3°00'54", along a chord bearing of S 61°10'31" W and distance of 96.708' to a point of compound curvature; thence continuing,

Along the arc of a circle curving southwesterly and said curve being concave to the northwest a distance of 442.875', with a radius of 1838.031', a central angle of 13°48'20", along a chord bearing of S 69°34'32" W and distance of 441.804' to a point of tangency; thence continuing,

S 76°28'42" W, a distance of 21.854' to a point of curvature; thence continuing,

Along the arc of a circle curving southwesterly and said curve being concave to the north a distance of 154.010', with a radius of 1892.229', a central angle of 4°39'48", along a chord bearing of S 78°48'36" W and distance of 153.967' to a point of compound curvature; thence continuing,

Along the arc of a circle curving northwesterly and said curve being concave to the north a distance of 266.542', with a radius of 763.583', a central angle of 20°00'00", along a chord bearing of S 88°51'30" W and distance of 265.191' to a point of tangency; thence continuing,

N 78°51'30" W, a distance of 142.000' to a point in the said easterly right-of-way line of Front Street; thence continuing,

N 11°08'30" E, along the easterly right-of-way line of Front Street, a distance of 49.556' to a point; thence continuing,

S 78°51'30" E, leaving said easterly right-of-way line of Front Street and continuing along the southerly line of land of the MOB Parcel, a distance of 194.080' to a point; thence continuing,

N 11°08'30" E, a distance of 104.052' to a point; thence continuing,

S 78°50'30" E, a distance of 40.597' to a point; thence continuing,

N 11°09'30" E, a distance of 85.949' to a point; thence continuing,

KLEHR_001600

S 78°50'30" E, a distance of 11.347' to a point; thence continuing,

N 11°09'30" E, a distance of 30.265' to a point; thence continuing,

S 78°50'30" E, a distance of 20.049' to a point; thence continuing,

N 11°09'30" E, a distance of 32.263' to a point; thence continuing,

N 78°50'30" W, a distance of 78.611' to a point; thence continuing,

S 11°09'30" W, a distance of 19.632' to a point; thence continuing,

N 78°50'30" W, a distance of 90.044' to a point in the line of the Proposed Lot 3; thence continuing,

N 11°09'30" E, along the common line of Proposed Lot 3 and Proposed Lot 1, the distance of 338.134' to a point in the common line of said lands of Tenet Healthcare and lands now and formerly of Philadelphia Ronald McDonald House, Inc; thence continuing,

S 78°51'30" E, along the said common line, a distance of 33.301' to a point in the line of Proposed Lot 2, thence continuing;

S 11°08'30 W, along the common line of Proposed Lot 2 and Proposed Lot 1, the distance of 48.472' to a point; thence continuing;

S 78°51'07 E, a distance of 27.138' to a point; thence continuing,

S 11°03'30 W, a distance of 46.989' to a point; thence continuing,

S 78°46'23" E, along the face of curb of a drive aisle, a distance of 205.398' to a point of curvature; thence continuing,

Southeasterly along a curve to the right having a radius of 24.193', an arc length of 32.463', a central angle of 76°52'56", along a chord bearing S 58°48'39" E and a distance of 30.082', to a point of tangency; thence continuing,

S 11°09'34" W, a distance of 157.396' to a point in the face of curb of a drive aisle' thence continuing,

S 78° 50'26" E, a distance of 50.550' to a point in the extension of the face of curb of a drive aisle; thence continuing;

N 11°09'34" E, a distance of 464.986 feet to a point in the southerly right-of-way line of Erie Avenue, also being known as S.R. 1004, (100' wide); thence continuing,

S 78°39'00" E, along the southerly right-of-way line of said Erie Avenue, a distance of 579.719' to a point along the westerly right-of-way line of B Street, also being known as S.R. 1003, (80' wide), said point also being the point and place of beginning, containing within these metes and bounds 491,347 square feet, (DS) or 11.280 acres of land, more or less.

Ex. A – Page 2

KLEHR_001601

## EXHIBIT B

### *Legal Description of Parcel 2*

All that Certain Parcel or Tract of Land Situate in the 7th Ward of the City and County of Philadelphia, Commonwealth of Pennsylvania, as shown on a Plan prepared by Pennoni Associates Inc. entitled "Proposed Lot Line Adjustment Plan", Drawing Number V-0812, project number PALHC 17002, dated 10/20/2017. Being more particularly described as follows.

Beginning at a point of the Southerly line of Erie Avenue (S.R. 1004) (100' wide), said point being a distant 579.719' from the intersection of the said Southerly line of Erie Avenue and the Westerly line of B Street (S.R. 1003) (80' wide as shown on the aforementioned Plan in the 7th Ward of the City of Philadelphia as follows:

Thence from said Point of Beginning, S 11°09'34" W, along the westerly face of curb of a drive aisle, being the line of Proposed Lots 1 and 2, the distance of 464.986' to a point on the northerly face of curb of drive aisle, thence continuing;

N 78° 50'26" W, along a face of curb of a drive aisle, a distance of 50.550' to a point; thence continuing,

N 11°09'34" E, along the face of curb of a drive aisle, a distance of 157.396' to a point of curvature; thence continuing,

Northwesterly along a curve to the left having a radius of 24.193', an arc length of 32.463', a central angle of 76°52'56", along a chord bearing N 58°48'39" W and a distance of 30.082', to a point of tangency; thence continuing,

N 78°46'23" W, along the face of curb of a drive aisle, a distance of 205.398' to a point; thence continuing,

N 11°03'30 E, a distance of 46.989' to a point; thence continuing,

N 78°51'07 W, a distance of 27.138' to a point; thence continuing,

N 11°08'30 E, partially along the common line of Proposed Lot 2 and Proposed Lot 3 and partially along the common line of said lands of Tenet Healthcare and lands now and formerly of Philadelphia Ronald McDonald House, Inc, the distance of 169.431' to a point; thence continuing,

S 78°51'30" E, a distance of 227.063' to a point; thence continuing,

N 11°03'30" E, a distance of 70.935' to a point in the said line of Erie Avenue; thence continuing,

S 78°39'00" E, along the said line of Erie Avenue, a distance of 78.364 to the point and place of beginning, containing within these metes and bounds 79,485 square feet, (DS) or 1.825 acres of land, more or less.

Ex. B – Page 1

KLEHR_001602

## EXHIBIT C

### *Legal Description of Parcel 3*

All that Certain Parcel or Tract of Land Situate in the 7th Ward of the City and County of Philadelphia, Commonwealth of Pennsylvania, as shown on a Plan prepared by Pennoni Associates Inc. entitled "Proposed Lot Line Adjustment Plan", Drawing Number V-0812, project number PALHC 17002, dated 10/20/2017. Being more particularly described as follows.

Beginning at a point on the Easterly Side of Front Street (80' wide), said point being a distant 121.267 feet from the southwesterly end of a curve with a 50.00' radius connecting the easterly side of Front Street with the Southerly side of Erie Avenue (S.R. 1004) (100' wide) as shown on the aforementioned Plan in the 7th Ward of the City of Philadelphia as follows:

Thence from said Point of Beginning, S 78°51'30" E, along the common line of said lands of Tenet Healthcare and lands now and formerly of Philadelphia Ronald McDonald House, 97.554' feet to a point on the common line of Proposed Lot 2 and Proposed Lot 3, thence continuing;

S 11°09'30" W, a distance of 466.979' to a point; thence continuing,

S 78°50'30" E, continuing along the southerly line of land of the MOB Parcel, a distance of 63.245' to a point; thence continuing,

S 11°08'30" W, a distance of 74.137' to a point; thence continuing,

N 78°51'30" W, a distance of 160.663' to a point on the easterly right-of-way line of Front Street; thence continuing,

N 11°08'30" E, along the easterly right-of-way line of Front Street, a distance of 541.135' to the point and place of beginning, containing within these metes and bounds 57,347 square feet, (DS) or 1.319 acres of land, more or less.

KLEHR_001603

## EXHIBIT D

*Zoning Site Plan*

KLEHR_001604

KLEHR_001605



KLEHR_001606



