# EXHIBIT AA



Mark Minuti
Phone: (302) 421-6840
Fax: (302) 421-6813
Mark.Minuti@saul.com
www.saul.com

January 25, 2024

**VIA ELECTRONIC MAIL (dej@jokelson.com)**
Derek E. Jokelson, Esq.
Jokelson Law Group, P.C.
230 South Broad St., 10th Fl.
Philadelphia, PA 19102

    RE:    In re Center City Healthcare, LLC, et al., Case No. 19-11466 (MFW);
            IS BBFB LLC et al. v. Center City Healthcare, LLC, Adv. Pro. No. 23-50447 (MFW)

Dear Derek:

    I am writing in response to your letters of January 22, 2024 and January 24, 2024.

    In its January 10, 2024 opinion and order (collectively, the "Decision"), the Court simply denied the Debtor's motion for partial dismissal. The Court made no findings and entered no judgments in the Plaintiffs' favor and certainly did not "reject" any of the Debtor's underlying positions. The Decision speaks for itself and, accordingly, we see no reason to otherwise respond to your self-serving interpretation of the Decision. To be sure, the Debtor's views on the underlying issues have not changed and the Debtor declines the "demands" included in your January 22, 2024 letter.

    With respect to the "forward looking maintenance items" referenced in your letter, the Debtor has complied, and will continue to comply, with the Operating Standard under the Reciprocal Easement and Operating Agreement (the "REA"). With regard to your inquiry regarding graffiti, we are advised that street level graffiti occurs from time to time on the buildings in the area surrounding our respective clients' parcels and the Debtor addresses it for its buildings as circumstances warrant and permit. We note that your clients currently have graffiti on the New College Building and the Debtor requests that your clients remove and any other unsightly conditions from its buildings as circumstances warrant and permit. With respect to snow and ice, please consult with your clients regarding the discussion our respective clients had some time ago about this issue. We are advised that each party is responsible for the removal of snow and ice on its respective parcels and for payment accordingly. This was the case with the most recent snowfalls.

P.O. Box 1266 ♦ Wilmington, DE 19899-1266 ♦ Phone: (302) 421-6800 ♦ Fax: (302) 421-6813
Courier Address: 1201 North Market Street, Suite 2300 Wilmington, DE 19801

CALIFORNIA   DELAWARE   FLORIDA   ILLINOIS   MARYLAND   MASSACHUSETTS   MINNESOTA   NEW JERSEY   NEW YORK   PENNSYLVANIA   WASHINGTON, DC

A DELAWARE LIMITED LIABILITY PARTNERSHIP

Derek E. Jokelson, Esq.
January 25, 2024
Page 2

      Regarding Zahav Biosciences' ("Zahav") stated concerns about deliveries, as asserted in your January 24, 2024 letter, neither the Plaintiffs nor their tenants are entitled to signage on the Debtor's property under the REA, the Easement & Unity of Use Statement (the "EUU"), or otherwise. Our April 25, 2023 letter responding to your letter of April 21, 2023 on this issue is attached. Moreover, the Debtor does not know what, if any, representations your clients made to Zahav regarding the terms of its lease and its landlord's ability to use the Debtor's property. That is an issue between Zahav and your clients and is not the Debtor's responsibility to address. We would note, however, that the EUU identifies the address for the parcel containing the Bobst Building, as "216-20 N. Broad Street, Philadelphia, Pennsylvania" rather than 1421 Race Street. It appears that your client is attempting to create a new address for the Bobst Building in a manner that is inconsistent with the EUU, and the Debtor reserves all rights on that issue.

      Having said this, we remind you that your client's tenant can utilize the Shared Loading Dock (as defined in the REA) for deliveries. We would be willing to discuss with the Debtor temporary placement (at a mutually agreed location, near Race Street at the entrance to the ramp leading to the Shared Loading Dock) of appropriate signage for deliveries via the Shared Loading Dock, subject to a written stipulation making clear that such agreement is without prejudice to either side's positions in the pending litigation. Please contact us if you are interested in discussing this temporary compromise which would address Zahav's concerns.

      Contrary to your allegations, the Debtor did not remove the sign pedestal at the base of the ramp as referenced in your January 24, 2024 letter. Upon information and belief, the Debtors suspect that the pedestal sign was removed by contractors performing services for the Plaintiffs.

      Finally, based upon recent correspondence to Mr. Perno, we would ask that you advise Mr. Wieck of the contents of this letter and that he be guided accordingly.

                                   Very truly yours,

                                   *Mark Minuti*
                                   Mark Minuti

Enc.
cc:  Allen Wilen, CRO
      Jeffrey C. Hampton, Esq.